UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KRISTIE G.,<br><br>           Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>           Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 1:19-cv-00141-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Kristie G.'s ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary. Based upon the analysis set forth below, the Commissioner's decision is affirmed.

PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical impairments. On February 15, 2016, Plaintiff applied for DIB.[2] Plaintiff's application was denied initially and upon reconsideration.[3] After Plaintiff

---

[1] ECF No. 15.

[2] ECF No. 8, Administrative Record ("AR ___") 50, 174-83.

[3] AR at 75-78, 82-84.

appeared before an Administrative Law Judge ("ALJ") for an administrative hearing on the record, the ALJ issued a written decision on December 21, 2018, denying Plaintiff's claims for DIB.[4] On October 23, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review.[5] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. On December 2, 2019, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[6]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Williams v. Bowen*, 844

---

[4] AR at 18-26.

[5] AR at 1-6.

[6] ECF No. 3.

F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given her residual functional capacity ("RFC"), that the impairment prevents performance of her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform [her] previous work, [she] is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience." *Id*. (quotations and citation omitted); 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," she is not disabled. 20 C.F.R.

3

§ 404.1520(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v).

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (I) by failing to consider her subjective symptoms in her RFC; and (II) in his treatment of the medical opinions of Dr. Rachel Hobbs ("Dr. Hobbs").[7] Based upon the following analysis, the court concludes that Plaintiff's arguments fail. Each argument is addressed in turn below.

### I. THE ALJ DID NOT ERR BY FAILING TO INCORPORATE INTO PLAINTIFF'S RFC ALL OF HER SUBJECTIVE SYMPTOMS.

The ALJ found that Plaintiff's RFC allowed her to perform light work with some postural limitations.[8] Plaintiff contends that the ALJ erred by failing to account for Plaintiff's subjective reports of pain severity and disabling limitations into this RFC determination. That argument fails.

The Social Security Administration ("S.S.A.") uses a two-part process for evaluating an individual's reported symptoms. Soc. Sec. Ruling ("SSR") 16-3p, 2017 WL 51803004, at *2 (S.S.A. October 25, 2017).[9] First, the ALJ must find that the individual has a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms. *Id*. at *3. Next, the ALJ evaluates the "intensity, persistence, and functionally limiting effects" of the symptoms to determine the extent to which the symptoms affect the individual's capacity for work. *Id*. at **3-4. To do this, the ALJ must examine the entire case record to determine whether the individual's statements describing the

---

[7] ECF No. 17 at 2, 5-12.

[8] AR at 22.

[9] The policy interpretation ruling, SSR 16-3p: Evaluation of Symptoms in Disability Claims supersedes SSR 96-7p: Evaluation of Symptoms in Disability Claims–Assessing the Credibility of an Individual's Statements. The revised ruling eliminates the use of the term "credibility" and clarifies that the subjective symptom evaluation is not an examination of an individual's character. SSR 16-3p, at 2-3 (defining purpose).

intensity, persistence, and functional limitations, such as pain and other subjective complaints, are consistent with the record evidence. *Id*. at *4.

The S.S.A. provides comprehensive guidance for how an ALJ should consider an individual's subjective complaints in determining the symptoms' impact on work-related activities:

> In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.

*Id*. In addition to using all of the evidence to evaluate the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ should also consider the factors set forth in 20 C.F.R. § 404.1529(c)(3). *Id*. at *7. These factors include:

> (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id*. at **7-8.

Plaintiff contends that the ALJ erred at step-two of this process and erroneously determined that she could perform light work as defined in 20 C.F.R. § 1567(b). She notes that the SSA defines "light work" as entailing "a good deal of walking or standing" which is the "primary difference between sedentary and most light jobs."[10] Plaintiff asserts her testimony regarding pain in her knees and back calls for a finding of less walking and standing akin to sedentary work. She posits that the ALJ incorrectly weighed her testimony

---

[10] ECF No. 17 at 6 (quoting SSR 83-10p, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983)).

without examining the whole record as required but instead improperly deferred "almost solely to the objective evidence."[11]

A review of the ALJ's decision shows that he considered all the evidence in the record and, in finding that the record was "not entirely consistent" with Plaintiff's testimony, appropriately discounted her subjective assessment regarding her disabling limitations.[12] As is often true in disability cases, the question is not whether Plaintiff was experiencing pain but whether the severity of her pain precludes the Plaintiff from performing certain functions at the workplace. Here, the treatment notes from multiple medical visits do not reflect the same degree of pain and disabling limitations as described by Plaintiff. The ALJ relies not only on the objective medical evidence but also the frequency of treatment, clinical observations, medications, treatment responses, and inconsistencies in Plaintiff's own statements throughout the course of her treatment.

For example, in September 2016, Plaintiff opted to treat the moderate degenerative changes in her right foot with a walking boot as opposed to a steroid injection, and the treatment notes reveal that Plaintiff's complaints about right-foot pain ceased post her September 2016 treatment.[13] The December 2016 treatment notes include findings of pain with facet loading but recorded normal findings otherwise, including symmetric reflexes, full lower extremity strength, full range of motion, intact sensation, and normal straight leg raise.[14] Overall, her treatment notes throughout 2016 and 2017 include unremarkable clinical findings with normal physical examinations, normal gait and muscle strength, no paresthesia, minimal to no reports of pain, and generally recorded no joint swelling or weakness.[15] The ALJ considered

---

[11] *Id*. at 7.

[12] AR at 23.

[13] AR at 23, 702-05, 998.

[14] AR at 64.

[15] AR at 984, 989, 1012, 1023.

the relatively conservative treatment Plaintiff had received for her condition, and the fact that her treatment was infrequent and included significant gaps. He also discussed that Plaintiff's engagement in daily living activities, including housework, preparing meals, camping, shopping, driving, and exercising (albeit with some assistance), involved substantial walking, standing, and sitting for extended periods.[16]

The court will not reweigh this evidence. *Madrid*, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." (quotations and citation omitted)). Consequently, the court finds that substantial evidence supports the ALJ's determination that Plaintiff's "statements, concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."[17] Because the court determines the findings are supported by substantial evidence, the Commissioner's decision is affirmed.

## II.   THE ALJ DID NOT ERR IN HIS TREATMENT OF DR. HOBBS'S OPINIONS.

Plaintiff next argues that the ALJ did not consider the proper factors in assigning partial weight to the medical opinions of Plaintiff's treating physician, Dr. Hobbs. Plaintiff's argument here mirrors the arguments above in that Plaintiff contends that the ALJ improperly relied *only* on medical imaging results as the sole consideration for reducing the amount of weight allocated to Dr. Hobbs's opinions. This argument fails here too.

A review of the ALJ's decision shows that he properly considered the relevant factors required under the treating physician rule. This rule provides that "[a] treating physician's opinion must be given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Knight ex rel. P.K. v. Colvin,* 756

---

[16] AR at 22-24, 43-44, 694, 706-13, 717-18, 730, 983-87, 973, 990, 1011-16, 1022-26, 1048-54.

[17] AR at 24.

F.3d 1171, 1176 (10th Cir. 2014). If an opinion is not entitled to controlling weight, the ALJ must still determine what weight, if any, to assign to the opinion by considering the factors set forth at 20 C.F.R. § 404.1527. *Id.* at 1176-77. The ALJ must give good reasons for the weight he assigns to the opinion, and specific, legitimate reasons if he rejects the opinion completely. *Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003). Although the ALJ need not explicitly discuss each factor, *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007), the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *Watkins,* 350 F.3d at 1300.

      In this case, the ALJ relied upon proper factors to support his conclusion that Dr. Hobbs's medical opinions were entitled to partial weight. The ALJ properly relied upon the fact that her medical opinions were not supported by and were inconsistent with the objective medical evidence in the record.[18] *Jones v. Colvin*, 610 F. App'x 755, 759 (10th Cir. 2015). For example, although Dr. Hobbs's opinions were consistent with Plaintiff's subjective reports, they were inconsistent with Dr. Hobbs's own treatment notes, clinical findings, and the record overall. *See* discussion *supra* Part I. The ALJ determined that, in effect, Dr. Hobbs's opinion gave too much deference to Plaintiff's subjective complaints and was based on what the Plaintiff reported she could do rather than Dr. Hobbs's professional opinion of what she can do. The ALJ goes on to enumerate the inconsistencies between the opinion and the record, with medical imaging results listed as but one of many factors the ALJ considered in giving less weight to Dr. Hobbs's opinion. Thus, Plaintiff's argument that medical imaging results served as the lone culprit for the allocation of partial weight is without merit.[19]

---

[18] AR at 24.

[19] Plaintiff's remaining arguments concerning the ALJ's treatment of Dr. Hobbs's opinions are nothing more than an attempt to reargue the weight of the evidence before the ALJ. The same is true of her remaining arguments concerning Plaintiff's subjective symptoms. Rearguing the weight of the evidence is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham,* 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *see also Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED February 23, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (quotations and citations omitted) (alteration in original)). Accordingly, the court concludes that Plaintiff's remaining arguments regarding Dr. Hobbs's opinions and Plaintiff's subjective complaints are without merit.